# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

CHAY T.,

                Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

                Respondents.[1]

Case No. 26-cv-2908 (LMP/ECW)

**ORDER DENYING HABEAS PETITION**

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Pedro del Valle, IV, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Chay T.[2] was ordered removed from the United States in October 2012. He has been detained in immigration custody since December 2025, and Chay argues that his continued detention violates his due process rights. The Court disagrees, so Chay's habeas petition is denied.

---

[1]     The Court refers to Respondents as the "Government" in this Order.

[2]     The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

## BACKGROUND

Chay is a native and citizen of Laos who entered the United States in 1979. ECF No. 6 ¶ 4. He became a legal permanent resident in 1981, but after being convicted of having sexual relations with a minor, he was ordered removed from the United States in October 2012. *Id.* ¶¶ 5–8. Because the Government was unable to effectuate Chay's removal to Laos at that time, Chay was released from immigration custody on an order of supervision ("OSUP"). *Id.* ¶ 9; ECF No. 1 ¶ 16.

On December 11, 2025, officers with Immigration and Customs Enforcement ("ICE") arrested Chay at his home. ECF No. 6 ¶ 10; ECF No. 1 ¶ 17. Three days later, ICE officers served Chay with a notice explaining that his OSUP had been revoked. ECF No. 6 ¶ 11. ICE then requested a travel document for Chay from Laos, which it received on February 2, 2026. *Id.* ¶¶ 12–13. ICE then began planning to schedule a charter flight to remove Chay to Laos. *Id.* ¶ 13.

Meanwhile, Chay challenged his detention in federal court. On February 12, 2026, Chay brought a petition for a writ of habeas corpus, alleging that his arrest violated the Fourth Amendment, that the Government failed to comply with federal statutes and regulations governing the revocation of an OSUP, and that his continued detention violated his due process rights. *Chay T. v. Noem*, No. 26-cv-1402 (DMT/SGE) ("*Chay I*"), ECF No. 1 (D. Minn. filed Feb. 12, 2026). On February 13, 2026, United States District Judge Daniel M. Traynor set a briefing schedule on Chay's petition and enjoined Chay's removal from the District of Minnesota during the pendency of his petition. *Id.*, ECF No. 3. On March 3, 2026, Judge Traynor denied Chay's habeas petition. *Id.*, ECF No. 10.

2

Two days later, Chay filed a second habeas petition, raising a due process claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and other claims similar to the ones raised in the first petition. *See Chay T. v. Noem*, No. 26-cv-1760 (DMT/SGE) ("*Chay II*"), ECF No. 1 (D. Minn. filed Mar. 5, 2026). The next day, the assigned district judge set a briefing schedule on Chay's petition and enjoined Chay's removal from the District of Minnesota during the pendency of his petition. *Id.*, ECF No. 3. On April 1, 2026, Judge Traynor denied Chay's second petition. *Id.*, ECF No. 13.

As a result of the injunction against removal entered in *Chay II*, ICE postponed Chay's transfer to a staging center for his removal charter flight, which was scheduled to occur on or before March 20, 2026. ECF No. 6 ¶ 15. After Judge Traynor denied the petition in *Chay II*, ICE did not have enough time to secure Chay's removal to Laos before his travel documents expired on April 30, 2026. *Id.* ¶ 17. Accordingly, on April 19, 2026, ICE submitted a request to renew Chay's Laotian travel documents. *Id.* ICE submitted a second request to renew Chay's Laotian travel documents on June 8, 2026. *Id.* ¶ 18.

On June 10, 2026, Chay filed a third habeas petition, again raising a *Zadvydas* claim. ECF No. 1 ¶¶ 64–76. The next day, this Court set a briefing schedule on Chay's petition and enjoined Chay's removal from the District of Minnesota during the pendency of his petition. ECF No. 4. The Government and Chay timely provided briefing on Chay's third petition. ECF Nos. 5, 7.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held

'in custody in violation of the Constitution or laws or treaties of the United States.'"
*Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)).   The protections of habeas corpus extend to those in immigration detention.   *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Federal law provides that a noncitizen ordered removed must be detained during the period necessary to effectuate the removal.  8 U.S.C. § 1231(a)(2)(A).  But the Due Process Clause does not allow that detention to go on indefinitely.  *See Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court held that after a removal order becomes final, the Government has six months to carry out the removal.  *See id.* at 701.  After that six-month period has expired, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence "sufficient to rebut that showing."  *Id.*  If the Government cannot rebut that showing, then the noncitizen must be released, subject to conditions and supervision prescribed by ICE.  *Id.* at 699–700.

As an initial matter, the presumptively reasonable six-month detention period has expired: Chay's removal order became final in 2012, ECF No. 6-5 at 1, and his most recent detention began on December 11, 2025, ECF No. 6 ¶ 10; ECF No. 1 ¶ 17, meaning his six-month detention period ended no later than June 11, 2026.  Having satisfied that threshold issue, Chay must next provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 690.

Chay does not do so.  The Government has demonstrated that it is able to secure Laotian travel documents for Chay and was prepared to remove him as early as March 20,

2026.[3]  ECF No. 6 ¶¶ 13–15.  The Government's receipt of Laotian travel documents for Chay, coupled with the Government's plans to remove him promptly after receiving those documents, demonstrates that Chay's removal is significantly likely in the reasonably foreseeable future.  *See Fahmy v. United States*, No. 26-cv-223 (ECT/DLM), 2026 WL 1484690, at *4 (D. Minn. Apr. 14, 2026), *report and recommendation adopted*, 2026 WL 1482583 (D. Minn. May 27, 2026); *Somvang P. v. Sec'y, Dep't of Homeland Sec.*, No. 26-cv-37 (PJS/EMB), 2026 WL 788853, at *2 (D. Minn. Mar. 20, 2026).

It is true that the Government has not been able to effectuate Chay's removal in the past few months, and that the travel documents the Government received for Chay have now expired.  But that outcome appears to result not from conditions in Laos or operational barriers faced by ICE, but from federal court injunctions barring Chay's removal while his successive habeas petitions were being litigated.  *See Chay I*, ECF No. 3; *Chay II*, ECF No. 3; ECF No. 4.  Absent these injunctions, it appears that ICE was ready and able to effectuate Chay's removal.  Chay cannot rely on delays of his own making to show that his removal is not reasonably foreseeable.[4]  *Cf. Ndenge v. Gonzales*, No. 07-cv-1726

---

[3]  To the extent that Chay argues that the Government has never procured Laotian travel documents, *see* ECF No. 7 at 10, he offers nothing but conjecture to support that argument, which is insufficient to meet his burden to receive habeas relief, *see Jose J. O. E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) ("The burden is on the petitioner to prove illegal detention by a preponderance of the evidence."); *cf. Berchie v. Bondi*, No. 25-cv-3197 (KMM/SGE), 2025 WL 4943114, at *2 (D. Minn. Nov. 4, 2025) (denying petitioner's request for evidentiary hearing "based on nothing more than [petitioner's] belief that something fishy occurred" without "any evidence whatsoever to support his conjecture").

[4]  To be clear, the Court does not fault Chay for bringing successive habeas petitions; he is lawfully entitled to do so.  But Chay cannot indefinitely delay his removal by

(MJD/JJG), 2008 WL 682091, at *2 (D. Minn. Mar. 6, 2008). And, given that ICE was successful in procuring travel documents for Chay in the past, it is likely that ICE's renewed efforts undertaken just a few weeks ago will bear fruit. *See* ECF No. 6 ¶¶ 17–18. Consequently, Chay has not demonstrated "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," so his petition must be denied. *Zadvydas*, 533 U.S. at 690.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.      Chay's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

2.      This action is **DISMISSED WITHOUT PREJUDICE**.

Dated: June 30, 2026                                   *s/Laura M. Provinzino*
                                                       Laura M. Provinzino
                                                       United States District Judge

---

continuing to file successive habeas petitions and then pointing to judicial injunctions against removal as a reason for finding removal unlikely in the reasonably foreseeable future. Chay has had three opportunities to litigate the legality of his detention, and he has come up short each time. Chay is advised that any further habeas petitions that he files will be assigned to this Court, and that this Court will no longer enter an injunction barring removal during the pendency of the petition.